UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| REV. NORWOOD THOMPSON | * | CIVIL ACTION |
|---|---|---|
| | * | |
| VERSUS | * | NO. 14-2439 |
| | * | |
| GUIDEONE MUTUAL INSURANCE COMPNAY | * | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is Defendant GuideOne Mutual Insurance Company's ("GuideOne") Motion for Summary Judgment. (Rec. Doc. 19). Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I. UNDISPUTED FACTS

Plaintiff filed a defamation suit on October 22, 1999 against First Zion Baptist Church of New Orleans, Anthony Bridges, Diane Ross, Frank Ben, Theda Bridges, Hilda Butler, Joycelyn Patterson, Lillian Decuir, and Harold Rose in the Civil District Court for Parish of Orleans. (Rec. Doc. 19-2 at 1). GuideOne provided an insurance policy for the aforementioned defendants. (Rec. Doc. 19-2 at 1). On November 19, 2012 Plaintiff was awarded a judgment plus court costs and interest from the date of judicial demand. (Rec. Doc. 19-4 at 2). The judgment was entered on January 28, 2013. (Rec. Doc. 19-1 at 2). The defendants appealed the judgment, and the Louisiana Supreme Court denied a Writ Application on July 30, 2014.[1] (Rec. Doc. 19-5 at 1). On August 4, 2014, Plaintiff demanded payment of $820,141.82. (Rec. Doc. 19-5 at 2). Plaintiff estimated interest to run through August 14, 2014. (Rec. Doc. 19-5 at 2).

---

[1] Plaintiff cites this date as June 30, 2014 in his motion, but the demand letter sent to GuideOne insurance by Plaintiff's attorney on August 4, 2014 and Plaintiff's Petition both cite July 30, 2014 as the day the Louisiana Supreme Court denied Defendants' Writ of Application. Accordingly, the Court concludes that July 30, 2014 signifies the date the Louisiana Supreme

1

On August 13, 2014, GuideOne mailed a check in the amount of $820,141.82 to Plaintiff's counsel, but the payee named on the check was incorrectly listed as "Norman Thompson" and not "Norwood Thompson." (Rec. Doc. 19-6 at 1). On Friday, August 22, 2014, Plaintiff's counsel emailed GuideOne and communicated that the payee on the check was spelled incorrectly. (Rec. Doc. 19-7 at 1). Plaintiff's counsel also attached a "courtesy copy of the Petition that will be filed Monday morning." (Rec. Doc. 19-7 at 1). GuideOne reissued payment on September 2, 2014 in the amount of $820,141.82. (Rec. Doc. 19-8 at 1). Plaintiff received the second check on September 4, 2014. (Rec. Doc. 19-9 at 3).

Plaintiff filed suit against GuideOne in Civil District Court for the Parish of Orleans on September 16, 2014. Plaintiff alleges that GuideOne violated La. R.S. 22:1973 and breached its duty of good faith and fair dealing when it failed to pay Plaintiff within sixty (60) days after receipt of a satisfactory proof of loss. (Rec. Doc. 2-2 at 5). Plaintiff also contends that GuideOne violated La. R.S. 22:1892 for failing to pay Plaintiff within thirty (30) days after receipt of a satisfactory proof of loss. GuideOne removed the case to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.

**II. PRESENT MOTION (Rec. Doc. 19)**

GuideOne now moves for summary judgment. GuideOne argues that Plaintiff's claim under La. R.S. 22:1973[2] fails as a matter of law because the statute only applies to an insured, and Plaintiff is a claimant. (Rec. Doc. 19-1 at 3). GuideOne also contends that Plaintiff's claim of bad faith under La. R.S. 22:1892[3] fails because he is not an insured under the statute. (Rec.

---

Court denied defendants' Writ of Application.
    [2] La. R.S. 22:1973 is formerly known as La R.S. 22:1220. Pursuant to Section 2 of Act 415, the Louisiana Law Institute redesignated and renumbered Title 22 of the Louisiana Revised Statutes of 1950 and the Louisiana Insurance Code in 2008.
    [3] Similarly, La R.S. 22:1892 is formerly known as La. R.S. 22:658.

Doc. 19-1 at 4).

Plaintiff opposes the motion. Plaintiff contends that he was insured under the GuideOne insurance policy because he was the Pastor of First Zion Baptist Church for seventeen (17) years prior to the incidents that gave rise to his claim. (Rec. Doc. 20 at 8). Regardless, Plaintiff avers that the Louisiana Supreme Court has held that a third-party claimant can bring a claim under subsection (A) of La. R.S. 22:1973 for violations listed in subsection (B). (Rec. Doc. 20 at 8) (citing *Kelley v. State Farm Fire & Cas. Co.*, No. 2014-1921, 2015 WL 2082540 (La. 5/5/2015)). Plaintiff also cites the Louisiana Supreme Court case, *Theriot v. Midland Risk Ins. Co.*, as support for this proposition. (Rec. Doc. 20 at 9) (citing 694 So.2d 184, 193 (La. 1997)).

Plaintiff contends that third-party claimants can also recover penalties under La. R.S. 22:1892. Plaintiff notes that while the Louisiana Court of Appeals for the Fourth Circuit held in *Woodruff* that a third-party claimant could not recover penalties under La. R.S. 22:1892, the Louisiana Legislature amended that statute to include the phrase "including a third-party claim." (Rec. Doc. 20 at 13) (citing *Woodruff v. State Farm Ins. Co.*, 767 So.2d 785 (La. Ct. App. 2000). Plaintiff thus highlights the decision of the Louisiana Court of Appeals for the Third Circuit in *State Farm Ins. Co. v. Norvold, Inc.*, which states that subsection (B)(1) of La. R.S. 22:1892 provides third-party claimants with penalties when an insurer fails to make an offer of settlement after receiving a satisfactory proof of loss, and the insurer's failure to pay was arbitrary, capricious, or without probable cause. (Rec. Doc. 20 at 14) (citing 88 So.3d 1245 (La. Ct. App. 2012)).

### III. LAW & ANALYSIS

#### A. The Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

#### B. La. R.S. 22:1973

La. R.S. 22:1973(A) provides:

> An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

The only provision of La. R.S. 22:1973(B) potentially applicable to Plaintiff, and the only subsection Plaintiff asserts in his Petition, is B(5), which provides that an insurer is liable for: Failing to pay the amount of any claim *due any person insured by the contract* within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R.S. 22:1973(B)(5) (emphasis added). While the Louisiana Supreme Court in *Theriot* held that third-party claimants can assert claims under subsection (A) for offenses enumerated under subsection (B), the court did not specifically address whether a third-party claimant could bring a cause of action for penalties under B(5). The plain language of B(5) indicates that it only applies to a claim due "any person insured by a contract," and not a third-party claimant. Applying this reasonsing, Louisiana courts have consistently held that third-party claimants cannot bring a claim under B(5). *See See Toerner v. Henry,* 812 So.2d 755, 758 (La. Ct. App. 2002); *Woodruff v. State Farm Ins. Co.,* 767 So.2d 785, 788 (La. Ct. App. 2000); *Celestine v. State Farm Mut. Auto. Ins. Co.,* 735 So.2d 1, 4 (La. Ct. App. 1998); *Venible v. First Financial Ins. Co.*, 718 So.2d 586, 588-89 (La. Ct. App. 1998); *Smith v. Midland Risk Ins. Co.*, 699 So.2d 1192, 1197 (La. Ct. App. 2004). *See also Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, No. 07-7965, 2009 WL 86671, at *6-7 (E.D. La. Jan. 13, 2009) (Vance, C.J.). Since Plaintiff asserts this (B)(5) claim as a third-party claimant against the insurer, GuideOne, Plaintiff has no redress under La. R.S. 22:1973.

Plaintiff argues that he qualifies as an insured under the statute because he was an insured under the GuideOne policy during the time period that gave rise to his defamation claim. The Court is not persuaded by this argument. Plaintiff does not bring this claim as an insured seeking damages for GuideOne's failure to fulfill the terms of Plaintiff's GuideOne policy, but rather, Plaintiff filed suit as a third-party claimant against GuideOne for failing to fulfill a judgment

pursuant to policies held by the defendants in Plaintiff's defamation lawsuit. In other words, the defendants in the defamation lawsuit are the insured in this instance, not the Plaintiff. Accordingly, the Court finds that the undisputed facts compel this Court to grant summary judgment in favor of Defendant on Plaintiff's La. R.S. 22:1973 claim.

### C. La. R.S. 22:1892

Plaintiff's Petition seeks penalties under La. R.S. 1892(A)(1), which provides:

> All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

The Louisiana Court of Appeals for the Fourth Circuit held in *Woodruff* that "(A)(1) by its express language applies only to the claims made by the insured….." 767 So. 2d at 789. Plaintiff argues that the Louisiana Legislature amended La. R.S. 22:1892 to allow for third-party claims, but the Legislature only amended subsections (A)(4) and (B)(1) to allow for third-party claims and not subsection (A)(1), the provision Plaintiff relies on in his Petition. *See Bartlett Const., LLC v. Surface Specialties, LLC*, No. 13-3738, 2013 WL 6726668, at *4 (E.D. La. Dec. 20, 2013) (Lemon, J.) (noting that subsections A(4) and B(1) of 22:1892 were amended in 2003). The Louisiana Court of Appeals for the Third Circuit summarized the current state of La. R.S. 22:1892 in *Norcold*:

> the legislative history of the statute reveals that beginning in 1989, La. R.S. 22:[1892](A)(2) violations encompassed third-party claimants and a corresponding penalty provision for same first appeared in La. R.S. 22:[1892](B)(1). As of 2003, La. R.S. 22:[1892](A)(4) violations also encompassed third-party claimants and a corresponding penalty provision for these violations appeared for the first time in La. R.S. 22:[1892](B)(1).

6

88 So. 3d at 1252.  Accordingly, subsection (A)(1) provides no relief for Plaintiff as a third-party claimant, and the Court must award summary judgment to GuideOne.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant GuideOne's Motion for Summary Judgment (Rec. Doc. 19) is **GRANTED**.  Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 10th day of August, 2015.

_____
UNITED STATES DISTRICT COURT JUDGE